FILED
2020 Apr-09 AM 11:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DEANDRE' RUSSELL, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No.: 5:19-cv-1597-LCB ) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) ) |
| Defendants. | |

## **MEMORANDUM OPINION**

The Plaintiffs, DeAndre' and Constance Russell, appearing *pro se*, filed a complaint on September 27, 2019.[1] (Doc. 1). In the style of their case, the Plaintiffs list the United States of America and the State of Alabama as defendants. However, in the section of their complaint entitled "Defendant(s)," the Plaintiffs describe the defendants as "All members of the United States Congress (pass (sic), recent and present years)" that voted in the affirmative to pass the Federal Judiciary Act of 1925 and its subsequent Amendments. (Doc. 1, p. 5). The Plaintiffs also name as defendants "All Members of the Alabama Legislators (sic) (pass (sic), recent and

---

[1] The Plaintiffs also filed a "Motion with (sic) Leave to Amend" on October 11, 2019, (Doc. 10) followed a "Motion to Clarify and Summarize their Complaint With a More Definite Statement" on October 23, 2019. (Doc. 13). As its title reflects, the latter is not a motion but a summary of the Plaintiffs' argument. It does not add or remove any claims. The Court will thus treat it as a supplement to the original complaint pursuant to Fed. R. Civ. P. 15(a)(1). Accordingly, the motion for leave to amend (Doc. 10) is **MOOT**.

present) who are following in a *Lock-Step Doctrine*, of the U.S. Congresses (sic) Federal Judicial (sic) Act of 1925 and all its Amendments…." *Id.*

The Plaintiffs purport to bring their claims pursuant to 42 U.S.C. § 1983, and allege that the appellate court practice of issuing decisions without a written opinion, what the Plaintiffs refer to as "no opinion rulings," violates various constitutional rights. The Plaintiffs assert that the Federal Judiciary Act, as amended, allows for this practice. In their complaint, the Plaintiffs state that "Congress cannot create a federal law that leaves full discretion to the Appellate (State and Federal) Justices, to decide whether a case may or may not be important enough for adjudication, based on no set standard of what constitutes important enough." (Doc. 1, p. 6-7). The Plaintiffs similarly allege that the appellate court practice of discretionary review deprives them and others of those same rights. The Plaintiffs are seeking a declaratory judgment holding the Judiciary Act of 1925 unconstitutional and an injunction directing all federal and state appellate courts to issue written opinions on every case that comes before them. The Plaintiffs also appear to be asking this Court to enjoin the practice of discretionary review by all appellate courts in the nation, including the United States Supreme Court.

The complaint contains little in the way of background. Although not specifically alleged, the Plaintiffs appear to have appealed an adverse ruling from a lower state and/or federal court to an intermediate appeals court, which then affirmed

the ruling of the trial court without publishing a written opinion.[2] One of the Plaintiffs also asserts that she has filed a petition for a writ of certiorari in the United States Supreme Court. As best the Court can discern, the Plaintiffs have alleged that Congress, by passing the Judiciary Act of 1925, has violated various constitutional rights because that Act allows intermediate appellate courts to issue "'no opinion rulings'" and gives certain appellate courts the discretion to decline to hear an appeal. (Doc. 1, p. 6). The Plaintiffs also allege that the Alabama Legislature has violated the same constitutional rights by allowing the same procedures in state court.[3]

## Discussion

Federal courts must determine that they have jurisdiction before hearing a case. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94–95 (1998). Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." *Lance v. Coffman*, 549 U.S. 437, 439 (1998)(citing U.S. Const. art. III, § 2). One component of the case or controversy requirement is standing, which requires a plaintiff to demonstrate injury in fact, causation, and redressability. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

---

[2] The complaint references a bankruptcy proceeding but also references an appeal to the Alabama Court of Civil Appeals. Thus, it can be inferred that there were at least two separate proceedings from which one or both of the Plaintiffs appealed. Again, the Plaintiffs do not give any details about the proceedings from which they appealed.

[3] The Plaintiffs do not identify a specific state law.

3

In its motion to dismiss, the Defendant asserted, among other things, that this case is due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because, it says, the Plaintiffs lack standing. The United States Supreme Court has held that in order to meet the standing requirement of Article III of the United States Constitution, a plaintiff must establish the following:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;
>
> (2) the injury is fairly traceable to the challenged action of the defendant; and
>
> (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). "The party invoking federal jurisdiction bears the burden of establishing these elements. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561(internal citations omitted).

In reviewing the Plaintiffs' complaint, the Court finds that they have alleged only a generalized injury by claiming that the practice of "no opinion rulings" and discretionary appellate review deprives them of various constitutional rights

4

including the right to due process. Although the Plaintiffs vaguely refer to cases they were actually involved in, they do not provide any detail about those proceedings. Their grievance is not a concrete, particularized, actual, or imminent injury. Instead, Plaintiffs sweepingly claim that all citizens of the United States suffer when they receive a "no opinion" ruling from an appellate court.

Accordingly, the Plaintiffs have failed to allege any concrete and particularized injuries. The Supreme Court has consistently held that "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lance v. Coffman,* 549 U.S. at 439 (1998)(*citing Lujan*, 504 U.S. at 573–574).

In order to establish Article III standing, a plaintiff must satisfy all three elements laid out by the Supreme Court in *Lujan.* Because the Plaintiffs have failed to allege facts supporting the first element, the Court need not consider whether the remaining factors are satisfied. Thus, by holding that the Plaintiffs have failed to allege an injury in fact, the Court is not implying that they have met the remaining elements of Article III standing. The Court makes no findings on those issues. Accordingly, the Defendant's motion to dismiss (Doc. 15) is due to be granted.

Although the Plaintiffs' lack of standing is dispositive in this case, the Court points out that the Plaintiffs' grievance with "no opinion rulings" appears to be based on their misunderstanding of that procedure. The Plaintiffs seem to be under the impression that, when an appellate court issues a decision without a written opinion, that court is not actually adjudicating the case on the merits. *See e.g.* (Doc. 1, p. 9)(asserting that the Judiciary Act of 1925 gives appellate courts "the authority to say 'no I/We, the justices of these high courts, have nothing to say about your case, even if your case has merit.'"). The Plaintiffs even assert their belief that due process would be satisfied if appellate courts would issue an opinion stating as follows: "'no petitioner, we looked at your case and saw where the lower courts done (sic) nothing wrong, therefore we will not take up or further your case.'" (Doc. 1, p. 10-11). What the Plaintiffs do not understand is that when a case is affirmed without opinion, that is precisely what the appellate court is saying. Rulings issued by appellate courts without contemporaneous published opinions have been considered on the merits by those courts.

## **Plaintiffs' Other Motions**

The Plaintiffs also filed two motions which appear to be requesting a change of venue. *See* (Docs. 3 and 11). In their "Motion to Place Constitutional Complaint in Proper Court Pursuant to 28 § 1631" (Doc. 3), the Plaintiffs asked the Court to transfer their case to the proper jurisdiction if the Court determined that it did not

6

have jurisdiction. Similarly, in their "Motion to Change Venue" (Doc. 11), the Plaintiffs, citing 28 U.S.C. § 1404, stated that it would be improper for a court in Alabama to hear this case because, they say, their complaint centers around alleged wrongs committed by courts in Alabama (both state and federal). However, the Plaintiffs did not identify the venue that they believe to be proper. Nevertheless, these motions are **DENIED**. Because the Plaintiffs lack standing to bring the claims asserted in their complaint, this case would not be proper in any jurisdiction.

The Plaintiffs also filed a "Motion for Adjudication by (3) Panel Judge of a Constitutional Complaint" (Doc. 4). Citing 28 U.S.C. § 2281[4], the Plaintiffs ask that this case be assigned to a three-judge panel of district judges because of the significance of their claim. The Plaintiffs appear to be referring to 28 U.S.C. 2284(a), which provides: "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." This case meets none of those criteria. Accordingly, this motion is **DENIED**.

The Plaintiffs also filed a "Motion to Correct the Record of Plaintiff(s) Complaint" (Doc. 8), which appears to notify the Court that they properly served the

---

[4] 28 U.S.C. § 2281 was repealed in 1976.

defendants and that one of the Plaintiffs' name was incorrect on certain filings. To the extent this was intended to be a motion to amend the complaint to correct a party's name, the motion is **GRANTED**. Finally, the Plaintiffs filed a "Motion to Present the Good Faith of their Filed Constitutional Complaint" (Doc. 18), in which the Plaintiffs stated that their complaint was made in good faith and was not intended to cause any undue delay in their underlying proceedings. However, this motion does not appear to actually ask for any type of relief. To the extent it could be construed to ask for any type of relief, the motion is **DENIED.**

The Court also notes that, two weeks after they filed their original complaint, the Plaintiffs filed a "Motion for Preliminary Injunctive and Restraining Order Relief" (Doc. 9). This motion sought a preliminary injunction staying one or both of the Plaintiffs' bankruptcy proceedings. The other relief sought in the motion is unclear. Nevertheless, because the Court has determined that the Plaintiffs lack standing and are consequently not entitled to any relief, this motion is **DENIED**.

## Conclusion

For the foregoing reasons, the Defendant's motion to dismiss (Doc. 15) is due to be **GRANTED** and this case **DISMISSED WITH PREJUDICE**. A separate order will be entered.

**DONE** and **ORDERED** April 9, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE